Chris Biggs Geary County Attorney 120 East 8th Street Junction City, Kansas 66441-2590
Dear Mr. Biggs:
As Geary county attorney you request our opinion concerning K.S.A. 1992 Supp. 38-1691 which addresses the detention of juveniles. Generally, the statute prohibits the detention of juveniles in jails with certain exceptions relating to short periods of detention and juveniles who fall outside of the juvenile offender code.
K.S.A. 1992 Supp. 38-1691 provides, in relevant part, as follows:
 "(a) On and after January 1, 1993, no juvenile shall be detained or placed in any jail pursuant to the Kansas juvenile offenders code except as provided by subsections (b) and (c).
. . . .
 "(c) the provisions of this section do not apply to detention of:
 "(1) A juvenile 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudication occurred prior to the date of the commission of the new act charged;
 "(2) a juvenile who has been prosecuted as an adult by reason of subsection (c)(1) and whose prosecution results in conviction of a crime;
 "(3) a juvenile with regard to whom a motion has been filed requesting prosecution as an adult pursuant to K.S.A. 38-1636 and amendments thereto; or
 "(4) a juvenile who has been charged with or convicted of aggravated juvenile delinquency as defined by K.S.A. 21-3611 and amendments thereto.
. . . .
 "(e)(1) A county may request, from the attorney general, to be exempt from the provisions of this section through December 31, 1993, if such county submits a plan meeting the following criteria:"
Geary county has received an extension from compliance with the statute pursuant to subsection (e) while a regional juvenile detention facility is under construction. (The facility has an anticipated completion date in November of this year.) At the present time, all juveniles are detained in the adult jail, however, they are segregated from the adult prisoners and interaction is minimal. Once the new detention facility opens, the sheriff intends to detain all juveniles, including those who fall under the exemptions in subsection (c) (hereinafter referred to as "exempt juveniles"), in the new facility because he is fearful of liability if he places these juveniles in the adult jail.
With this background in mind, we will respond to your queries:
ISSUE I. MUST A JUVENILE WHO FALLS UNDER K.S.A. 1992 SUPP. 38-1691(C) BE DETAINED IN AN ADULT JAIL, OR SHOULD THE SHERIFF ATTEMPT TO PLACE SUCH AN INDIVIDUAL WITH OTHER JUVENILES WHO ARE STILL SUBJECT TO THE PROVISIONS OF THE JUVENILE OFFENDERS CODE?
ISSUE II. DOES THE SHERIFF INCUR CIVIL LIABILITY BY MIXING EXEMPT JUVENILES WITH OTHER JUVENILES IN A JUVENILE DETENTION FACILITY?
The Kansas legislature has repeatedly proscribed the confinement of juveniles with adults because of the fear that the juveniles will be exposed to greater violence, including sexual abuse. Ford By Ford v.Sully, 773 F. Supp. 1457, 1462 (D.Kan. 1991). K.S.A. 19-1919
provides that juveniles "shall be kept in quarters separate from adult criminals." K.S.A. 1992 Supp. 38-1691 prohibits detention with adults unless certain exceptions exist. The juvenile justice and delinquency prevention act ( 42 U.S.C. § 5602 et seq.) allocates funds to states that implement plans which ensure the separation of juveniles from adult criminals with certain exceptions relating to short detention periods.42 U.S.C. § 5633(a)(14).
A juvenile is a person between the ages of 10 and 18. K.S.A. 1992 Supp. 38-1602(a). The plain language of K.S.A. 1992 Supp. 38-1691
prohibits the detention of juveniles in jail unless they fall under subsection (b) (which is not relevant to the issues in this opinion) or subsection (c). Consequently, if a juvenile falls under any of the exceptions in subsection (c), he or she may be detained in jail.
There is no legislative history that reveals the reasoning behind permitting these exempt juveniles to share jail facilities with adult prisoners, however, it is interesting to note that, except for subsection (c)(3), these exempt juveniles, by definition, fall outside of the juvenile code. K.S.A. 1992 Supp. 38-1602(b)(3)-(6) provide as follows:
 "(b) `Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of felony or misdemeanor . . . but does not include:
 "(3) A person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudication occurred prior to the date of the commission of the new act charged;
 "(4) A person who has been prosecuted as an adult by reason of subsection (b)(3) and whose prosecution results in conviction of a crime;
 "(5) A person whose prosecution as an adult is authorized pursuant to K.S.A. 38-1636;
 "(6) A person who has been convicted of aggravated juvenile delinquency as defined by K.S.A. 21-3611. . . ."
Reading these two statutes in pari materia, we conclude that the legislature acknowledged the fact that juveniles who have been through the juvenile system and who have failed to accept its guidance no longer deserve its protection. Consequently, it is our opinion that the sheriff may detain in jail those juveniles who fall under the exceptions of subsection (c). There is nothing in the statute which requires the sheriff to detain these exempt juveniles in the jail, however, a duty exists on the part of the sheriff to take reasonable precautions for the safety of non-exempt juveniles who will be detained in the new juvenile detention facility and this duty includes the obligation to exercise control over the conduct of exempt juveniles should the sheriff elect to detain the latter with the other juvenile detainees. There is a general duty which arises in many relationships to take reasonable precautions for the safety of others and this duty may include the obligation to exercise control over the conduct of third persons. This obligation rests upon the jailor towards his prisoner. Prosser, Law of Torts, sec. 56, p. 348-50 (4th ed. 1971) cited in Cansler v. State, 234 Kan. 554,558-559 (1984). In Cansler, the court adopted restatement (second) of torts secs. 315 and 319 (1965) which state there is a duty to control the conduct of a third party in order to prevent him from causing physical harm to another where a special relationship exists between the actor (in this case, the sheriff) and a third party (an exempt juvenile) which imposes a duty upon the actor to control the third person's conduct or where a special relationship exists between the actor (sheriff) and the other (a non-exempt juvenile) which gives to the other a right to protection. Section 319 provides that one who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third party to prevent him from doing such harm.
There is potential liability for the sheriff and the county if he elects to detain exempt juveniles with non-exempt juveniles in the juvenile detention facility and if he breaches the duty prescribed in theCansler case. However, under the Kansas tort claims act, he may be protected under the discretionary exception in K.S.A. 1992 Supp. 75-6104(e) which immunizes government employees from damages resulting from claims based upon the exercise of a discretionary function or duty on the part of the governmental employee even if the discretion is abused. A discretionary act is an act where there is no hard and fast rule as to a course of conduct that one must or must not take and, if there is a clearly defined rule, such would eliminate the discretion. Dougan v.Rossville Drainage District, 243 Kan. 315, 321 (1988). Disregard of statutes, departmental policies, and regulations is not within the discretionary function exception. Fudge v. City of Kansas City,239 Kan. 369 (1986). The discretionary function exemption will not be applicable in those situations where a legal duty exists, either by case law or statute, which the governmental agency is required to follow.Dougan at p. 322.
While we realize that the sheriff also faces potential liability mixing exempt juveniles with prisoners because of the Cansler duty, K.S.A. 1992 Supp. 38-1691 authorizes him to do so thereby providing a modicum of protection. Also, should the sheriff elect to detain the exempt juveniles in the jail, K.S.A. 19-1919 requires that he keep those juveniles in separate quarters from the adult prisoners.
We suggest that when an exempt juvenile is to be detained, the sheriff consider factors involving the nature of the crime, the age of the juvenile, social background, court/police history and any other factor which is relevant in determining where the juvenile should be placed — also taking into consideration the protection of the juvenile and others who may come into contact with him or her.
Summarizing our opinion, a juvenile who falls under the exemptions listed in K.S.A. 1992 Supp. 38-1691(c) may be detained in an adult jail provided he or she is kept in quarters separate from adult prisoners. The sheriff may incur civil liability if he detains exempt juveniles with non-exempt juveniles because of the duty to protect the non-exempt juveniles.
ISSUE III. MAY A JUVENILE WHO HAS ALREADY BEEN CERTIFIED FOR PROSECUTION AS AN ADULT BE DETAINED IN JAIL?
Subsection (c)(2) exempts a juvenile who is subject to a motion to prosecute as an adult pursuant to K.S.A. 1992 Supp. 38-1636. You inquire whether a juvenile who has already been certified as an adult for prosecution may be detained in a jail.
In order to ascertain whether the legislature intended to allow juveniles who have been certified as adults for prosecution to be detained in jail, we look to K.S.A. 1992 Supp. 38-1602(b)(5) which excludes from the definition of "juvenile offender" a person who has already been certified as an adult for prosecution.
Both statutes can be construed together because they are in parimateria. Consequently, it is our opinion that if a juvenile who is the subject of a certification motion can be detained in jail, then a juvenile who has already been adjudicated an adult for purposes of prosecution can be similarly detained. This opinion makes sense when considering that the legislature intended to differentiate between juveniles who have been through the system without success and those juveniles where hope for rehabilitation is still extant. By the time a juvenile is certified to stand trial as an adult, it is evident that the juvenile system has failed and there is no reason why he or she should be afforded any of its protections.
"ISSUE IV. DOES THE FACT THAT A COUNTY HAS APPLIED FOR AN EXEMPTION UNDER SUBSECTION (E) PREVENT THE SHERIFF FROM TAKING ADVANTAGE OF THE EXCEPTIONS UNDER SUBSECTION (C)?"
As previously noted, Geary county has received an extension from complying with K.S.A. 1992 Supp. 38-1691 pursuant to subsection (e). Consequently, until the extension expires, the sheriff is only obligated to comply with K.S.A. 19-1919 which requires that juveniles be kept in separate quarters from the adult prisoners.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm